[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2407

KURT E. HOLMY,

Plaintiff, Appellant,

v.

DURACELL, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. A. David Mazzone, U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

Kurt E. Holmy on brief pro se.
Richard P. Ward, Anthony D. Rizzotti and Ropes & Gray on brief
for appellees.

March 19, 2002

**Per Curiam**. Kurt E. Holmy appeals from the district court's decision granting summary judgment in favor of the defendants in Holmy's complaint alleging retaliatory discharge, interference with business advantage, and defamation. We have reviewed the record, the parties' briefs, and the applicable law, and, as to Holmy's first two claims, we AFFIRM for essentially the same reasons set forth in the district court's memorandum order granting summary judgment. See Holmy v. Duracell, Inc. et al., No. 97-11173-MLW (D. Mass. Sep. 28, 2000). Holmy's defamation claim fails because, among other things, he does not establish the necessary "special harm" resulting from the alleged defamatory statements. See Restatement (Second) of Torts § 575 cmt. b (1977) (defining "special harm" as "the loss of something having economic or pecuniary value," not a mere loss of reputation or social standing). Nor does he establish that the statements at issue were defamatory per se. Id. at § 570. Accordingly, no reasonable factfinder could find the complainant liable for defamation, and summary judgment was thus proper on this basis.

AFFIRMED.